**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CLARK D. WHITLOW,
                    Appellant,

          v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
CH-3330-12-0422-C-1

DATE: September 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Clark D. Whitlow, Fayetteville, North Carolina, pro se.

Michael J. McHugh, Fort Bragg, North Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement of the parties' settlement agreement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal under the Veterans Employment Opportunities Act of 1998, in which he claimed that the agency violated his rights relating to veterans' preference when it failed to give him priority consideration for a librarian position at Fort Bragg, North Carolina, and selected another candidate. Initial Appeal File (IAF), Tabs 1, 27.  The parties subsequently executed a settlement agreement in which, among other things, the agency agreed to place the appellant into a librarian position at Fort Bragg.  IAF, Tab 31 at 2.  In her November 2012 initial decision, the administrative judge found that the Board had jurisdiction over the appeal and dismissed it as settled.  IAF, Tab 32, Initial Decision.  The appellant was appointed to the librarian position in December 2012, subject to a 1-year probationary period.  Compliance File (CF), Tab 3 at 6. The agency terminated the appellant during his probationary period in April 2013 for failure to observe written regulations and/or orders prescribed by the first-line supervisor, inappropriate conduct, and marginal performance of job duties.  CF, Tab 8 at 6.

¶3        Following his termination, the appellant filed a petition for review of the initial decision that dismissed his appeal as settled.  He claimed that the agency

terminated him because it was forced into hiring him. He argued that the agency never intended to let him keep the job. Petition for Review File, Tab 1 at 4. In September 2013, the Board issued a final order denying the appellant's petition for review. MSPB Docket No. CH-3330-12-0422-I-1, Final Order (Sept. 11, 2013). However, the Board forwarded the appellant's claims of post-settlement harassment and retaliation for docketing as a petition for enforcement of the settlement agreement. Final Order at 6.

¶4    In the compliance proceeding, the appellant argued that the agency employed the "hire then fire sucker punch" to offer him a position and then terminate his employment. CF, Tab 7 at 3. The appellant also argued that the agency was retaliating against him by harassing him, his termination was based upon three inaccurate incident reports and fabricated termination memoranda that were never provided to him, he should have received a written performance evaluation, the agency should have considered the *Douglas* factors before terminating him, and the agency forced him to relocate for his position. CF, Tab 5 at 1-5, Tab 7 at 17. He also asserted that he is a whistleblower. CF, Tab 7 at 28-29. In the alternative, the appellant argued that he was not appointed to a supervisory position and was therefore not actually offered a position as a librarian because all librarians are supervisors. *Id*. at 7-8.

¶5    In response to the appellant's allegations of noncompliance, the agency contended that it complied with the settlement agreement by appointing the appellant to the librarian position in December 2012. CF, Tab 3 at 4. Additionally, the agency stated that the appellant did not present any evidence to support his argument of post-settlement harassment and retaliation. *Id*. at 4-5. Finally, the agency stated that it properly terminated the appellant during his probationary period after management determined that he failed to demonstrate fitness for continued federal employment pursuant to Army Regulations. CF, Tab 8 at 4-5; *see* CF, Tab 3 at 11.

¶6 In her May 2014 compliance initial decision, the administrative judge denied the appellant's petition for enforcement of the settlement agreement. CF, Tab 10, Compliance Initial Decision (CID). She found that the appellant failed to show any retaliatory or harassing conduct by the agency in its implementation of the settlement agreement; she further found that the appellant's probationary termination after 4 months did not demonstrate bad faith. CID at 5.

¶7 On petition for review, the appellant asserts many of the same arguments he raised below; he also argues that the three memoranda that served as the basis for his removal were fraudulent and were never provided to him. Compliance Petition for Review (CPFR) File, Tab 1 at 4-5. In response, the agency argues both that he had the opportunity to request copies of the memoranda in question and that the appellant failed to set forth a basis to review the administrative judge's decision. CPFR File, Tab 3 at 5.

¶8 The party who is asserting a breach of a settlement agreement has the burden of proving the breach. *Hicks v. U.S. Postal Service*, 52 M.S.P.R. 561, 564 (1992). Although the party seeking enforcement has the burden of proof, an agency must also produce relevant, material, and credible evidence of its compliance with an agreement upon the filing of a petition for enforcement by an appellant. *Eagleheart v. U.S. Postal Service*, 110 M.S.P.R. 642, ¶ 9 (2009). Settlement agreements brought to the Board for enforcement are enforced and interpreted in accordance with contract law. *Hicks*, 52 M.S.P.R. at 564. A party's breach is material when it "relates to a matter of vital importance or goes to the essence of the contract." *Caston v. Department of the Interior*, 108 M.S.P.R. 190, ¶17 (2008).

¶9 The Board has held that implicit in any settlement agreement, as under other contracts, is a requirement that the parties fulfill their respective contractual obligations in good faith. *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323 (1995). To establish a breach of a settlement agreement based on the implied covenant of good faith, the appellant must show

that the agency's proven retaliatory or harassing actions, under the totality of the circumstances, amounted to an unjustified and substantial deprivation of the appellant's rights. *Id*. at 323-25.

¶10　　We find that the appellant's unsubstantiated allegations do not support a finding that the agency breached the covenant of good faith in its implementation of the settlement agreement. The settlement agreement required the agency to appoint the appellant to the librarian position. IAF, Tab 31 at 2. The agency appointed the appellant to that position in December 2012, subject to a probationary period of 1 year. CF, Tab 3 at 6. Memoranda from January, February, and March 2013 reflect the appellant's misconduct, including repeating a customer's comments in front of colleagues and customers that female colleagues could get raped due to their attire, shouting and giving directives to a library technician, and arguing with customers. *Id*. at 7-9. The appellant was terminated in April 2013 for failure to observe written regulations and/or orders prescribed by the first-line supervisor, inappropriate conduct, and marginal performance of job duties. CF, Tab 8 at 6.

¶11　　The settlement agreement required the agency to appoint the appellant to the librarian position, but it did not require the agency to continue to employ him indefinitely. Where, as here, a settlement agreement is silent as to the time or duration of performance, the Board has consistently held that a reasonable time under the circumstances will be presumed. *See Woods v. U.S. Postal Service*, 64 M.S.P.R. 156, 159 (1994). The agency's policy for non-appropriated funds personnel, such as the appellant, is that an employee may be separated during the probationary period if he/she fails to demonstrate that he/she possesses the skills or character traits for satisfactory performance in the position. PFR File, Tab 4 at 40. We find that it was not unreasonable for the agency to determine after 4 months that the appellant had failed to demonstrate that he possessed the skills or character traits for satisfactory performance in the librarian position.

¶12    Although the appellant claims that the memoranda that served as the basis for his termination are "fraudulent," he does not dispute that the incidents described therein actually occurred.  CPFR File, Tab 1 at 5.  Instead, the appellant argues that the memoranda mischaracterized the incidents in question.  CPFR File, Tab 4 at 4-5.  He has presented no evidence to demonstrate that the agency falsified the documentation, or that his termination was otherwise improper.  Additionally, although the appellant alleges that the agency engaged in post-settlement harassment and retaliation, he has presented no evidence to support this argument.  We therefore agree with the administrative judge that neither the appellant's termination, nor the agency's treatment of the appellant prior to his termination, provides a basis for finding noncompliance with the settlement agreement.

¶13    To the extent that the appellant asserts that the agency breached the settlement agreement by failing to appoint him to a supervisory position, CF, Tab 7 at 7-9, we find that this argument is without merit.  According to a February 2013 memorandum, the appellant's supervisor, in the context of reprimanding him for shouting at a library technician, told the appellant that he did not supervise the library technicians.  CF, Tab 3 at 9.  However, the memorandum does not indicate that the appellant's supervisor addressed his supervisory status more generally.  *Id*.  In any event, neither the original vacancy announcement nor the librarian position agreement specified that the librarian position was, or would be, supervisory.  IAF, Tab 10, Subtab 1, Tab 31 at 2.

¶14    We have considered the appellant's remaining arguments, including his assertion that he was a whistleblower and his claim that the agency failed to give him a performance appraisal.  However, we find that those arguments do not provide a basis for disturbing the compliance initial decision.  *See Nance v. Department of Transportation*, 55 M.S.P.R. 68, 72 (1992) (in a compliance action, the appellant's claims of whistleblower reprisal were material only to the extent that they concerned the breach of the settlement agreement); *see also*

*McFall v. Department of Agriculture*, 78 M.S.P.R. 513, 517 (1998) (finding that the agency's failure to provide a performance evaluation did not constitute bad faith), *aff'd*, 178 F.3d 1307 (Fed. Cir. 1998) (Table).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.